UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HEATHER A. DADY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 1:21-cv-00018-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Heather A. Dady brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On February 18, 2022, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Dady's favor. (ECF 22, 23).

Dady's attorney, Jason Rodman ("Counsel"),[1] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $15,476.91, less an offset of $11,000 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $4,476.91 for Counsel's representation of Dady in federal court. (ECF 27). On June 12, 2024, the Commissioner filed a response to Counsel's fee request, clarifying the record as to the amount of past-due benefits that Dady actually received, which differs from the amount recited in Dady's motion two months earlier. (ECF 35; *compare* ECF 35 at 3, *with* ECF 27 at 3). Counsel did not file a reply brief, and the time to do so has passed. N.D. Ind. L.R. 7-1(d)(3).

---

[1] Dady is also represented in this matter by Attorneys Ann Young and Randal Forbes, who are with the same law firm as Attorney Rodman. The term "Counsel" as used herein, therefore, shall refer to any or all of these three attorneys.

For the following reasons, Counsel's motion for attorney fees under § 406(b) will be GRANTED but reduced to $11,229.25, resulting in a net 406(b) fee award payment of $229.25.

### A. Factual and Procedural Background

On January 11, 2021, Counsel entered into a fee agreement with Dady for their representation of her in federal court, in which Dady agreed to pay Counsel 25 percent of any past-due benefits awarded to her and her family. (ECF 27-1).[2] On January 15, 2021, Dady, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Dady's favor and remanded the case on February 18, 2022. (ECF 22, 23).

On May 10, 2022, Counsel filed a request for attorney fees under the EAJA in the amount of $11,403, together with supporting materials, for the 49.50 attorney hours and 6.25 paralegal hours their firm spent advocating Dady's claim in federal court. (ECF 24, 24-1 to 24-5). On May 23, 2022, the Commissioner filed a joint stipulation by the parties to an EAJA award in the amount of $11,000. (ECF 25). The Court granted the motion, as modified by the stipulation, and awarded Dady $11,000 in EAJA fees. (ECF 26).

In February 2023, the Commissioner sent Dady a notice of award, informing that she was found disabled and entitled to past-due supplemental security income (SSI) in the amount of $19,980.68 for the period of February 2017 to January 2021. (ECF 27-6). A subsequent letter on March 3, 2023, indicated that the Commissioner was withholding 25 percent of the past-due SSI, $4,995.17, to pay Dady's lawyers. (ECF 35-1 at 1).

In November 2023, the Commissioner sent Dady another notice of award, informing that

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

she was entitled to past-due disability insurance benefits (DIB) from May 2018 through June 2023 totaling $41,927, and that the Commissioner was withholding 25 percent of that amount, $10,481.75, to pay Dady's lawyers. (ECF 27-5 at 3). The notice further relayed, however, that Dady's DIB might be reduced if she received SSI for that same period under a concurrent claim. (*Id.* at 2).[3]

On April 1, 2024, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award in the amount of $15,476.91, less an offset for $11,000 in EAJA fees previously awarded, resulting in a net payment of $4,476.91 from Dady's withheld past-due benefits for Counsel's representation before this Court. (ECF 27, 27-1 to 27-6). In the motion, Counsel indicates that Dady's total past-due benefits award was $61,907.68, and that his requested fee amounts to 25 percent of that amount. (ECF 27 at 3).

However, as the Commissioner points out, the Commissioner subsequently informed Dady via letter in June 2024 that the past-due amount used to calculate the SSI attorney fee in concurrent cases is the amount of SSI the claimant would have received if DIB had been paid first. (ECF 35 at 3; ECF 35-2 at 2). The letter further indicates that $2,990 is the amount that would have been due to Dady if her DIB had been timely paid, and that the Commissioner should have withheld 25 percent of that, $747.50, to pay Dady's lawyers. (ECF 35-2.). Thus, as the Commissioner states in his response brief, due to Dady's concurrent claims, Dady's past-due

---

[3] As the Commissioner explains, 20 C.F.R. § 404.408b(b) provides that a claimant's "retroactive monthly [DIB] will be reduced by the amount of the SSI payments . . . that would not have been paid [had the claimant] received [her] monthly [DIB] when they were regularly due instead of retroactively." (ECF 35 at 2-3 (alterations in original) (quoting 20 C.F.R. § 404.408b(b) (footnote omitted))).

SSI was effectively reduced from $19,980.68 to $2,990 (*see id.*), resulting in a total past-due benefits amount of $44,917. (*See* ECF 35 at 3).

To reiterate, Counsel did not file a reply brief to the Commissioner's response, and Counsel's time to do so has now passed. N.D. Ind. L.R. 7-3(d)(3).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v.*

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

4

*Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $15,476.91 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). While Counsel asserts in his motion filed in April 2024 that Dady was awarded $61,907.68 in

5

total past-due benefits (ECF 27 at 3), the Commissioner produces more recent evidence that Dady's total past-due benefits was reduced to $44,917 in June 2024 to account for Dady's concurrent claims (ECF 35 at 3; ECF 35-2). Dady did not file a reply brief to contest this evidence. As such, the Count finds that the fee Counsel requests, $15,476.91, impermissibly exceeds 25 percent of Dady's total past-due benefits. Consequently, Counsel's requested fee will be reduced to a maximum of $11,229.25, which is 25 percent of $44,917.

Counsel contends that his requested fee award is reasonable for the 49.5 attorney hours and 6.25 paralegal hours spent on Dady's case in federal court. (ECF 27 at 4, 6). It is obvious that Counsel obtained a good result for Dady, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel did not seek any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a

long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, Counsel's maximum-allowed fee of $11,229.25 divided by the 55.75 total hours spent on the case in federal court equates to an effective rate of about $201 per hour, which is well within the range of past awards approved by this Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).[7]

Accordingly, the Court will grant Counsel's motion but reduce the § 406(b) fee award to $11,229.25, less an offset for $11,000 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $229.25. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees).

---

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

*D. Conclusion*

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 27) is GRANTED but REDUCED to $11,229.25, less an offset for $11,000 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $229.25. The Commissioner shall pay Counsel $229.25 out of Dady's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Dady. Counsel is allowed to retain the $11,000 in EAJA fees previously awarded.

SO ORDERED.

Entered this 3rd day of July 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge